UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60724-CIV-ALTONAGA/Simonton

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**,

    Plaintiff,

vs.

**DUONG THANH HO, JONATHAN DANG HO,** and **JOSE CIFUENTES**,

    Defendants.
                                                     /

## ORDER

**THIS CAUSE** came before the Court on August 23, 2011 for a hearing on Plaintiff, Allstate Fire and Casualty Insurance Company's ("Allstate['s]") Motion to Strike Defendant Jose Cifuentes' Fifth and Sixth Affirmative Defenses ("Motion") [ECF No. 41], filed on August 12, 2011. The Court has carefully reviewed the parties' written submissions, oral arguments, and applicable law.

### I. BACKGROUND

This case arises from an automobile accident that occurred on January 20, 2010, involving a vehicle owned by Jonathan Dang Ho and driven by Duong Thang Ho, in which Jose Cifuentes alleges he sustained serious injuries. (*See* Compl. ¶ 8 [ECF No. 1]; Compl. Ex. B [ECF 1-3]). At the time of the accident, Duong Thang Ho was insured under a policy issued by Allstate, and the vehicle involved in the accident was covered under that policy. (*See* Compl. ¶ 10). According to Allstate, neither Duong Thang Ho nor Jonathan Dang Ho (collectively, "the Insureds") notified Allstate of the accident. (*See id.* ¶ 12–13). Instead, Allstate was first notified of the accident by Cifuentes's attorney on April 7, 2010. (*See id.* ¶ 14).

Case No. 11-60724-CIV-ALTONAGA

In June 2010, Cifuentes filed a personal-injury action against Jonathan Dang Ho in the circuit court of Broward County. Allstate then filed this declaratory judgment action against Cifuentes and the Insureds on April 5, 2011. (*See* Compl.). Allstate seeks a declaration that it is not obligated to provide liability coverage to its Insureds or to indemnify Cifuentes with respect to any judgment he may obtain against them because Allstate received untimely notice of the accident and the Insureds did not cooperate in Allstate's investigation of the accident. (*See* Compl. ¶¶ 34–37).

In Cifuentes's Answer [ECF No. 36], he raises the following two Affirmative Defenses:

**FIFTH AFFIRMATIVE DEFENSE**

As its [sic] Fifth Affirmative Defense, Cifuentes affirmatively alleges that [Allstate] is estopped from asserting a breach of the cooperation clause, late notice, or any other coverage defense in this case based on [Allstate's] own conduct, including but not limited to the fact that [Allstate] failed to comply with the mandates of Fla. Stat. § 627.426.

**SIXTH AFFIRMATIVE DEFENSE**

As its [sic] Sixth Affirmative Defense, Cifuentes affirmatively alleges that [Allstate] has waived its right to assert a breach of the cooperation clause, late notice, or any other coverage defense as defined under Fla. Stat. § 627.426 based on [Allstate's] own conduct, including but not limited to the fact that [Allstate] has failed to comply with the requirements of Fla. Stat. § 627.426.

(Answer pp. 6–7). Allstate has filed the present Motion asking the Court to strike those defenses. In the Motion, Allstate asserts Cifuentes lacks standing to raise those defenses because he is not a party to the insurance contract.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Nevertheless, "a court will not exercise its discretion under the

Case No. 11-60724-CIV-ALTONAGA

rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978); *Bazal v. Belford Trucking Co.*, 442 F. Supp. 1089, 1101 (S.D. Fla.1977); *Augustus v. Bd. of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)). Thus, "[m]otions to strike generally are disfavored and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, 04-Civ-60861, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005).

"An affirmative defense should only be stricken when it is insufficient as a matter of law." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (citing *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III. DISCUSSION

Allstate contends Cifuentes's Fifth and Sixth Affirmative Defenses are clearly invalid as a matter of law. (*See* Mot. 1–4). In particular, Allstate points out that both of those Affirmative Defenses allege violations of the Claims Administration Statute, Florida Statute section 672.426. Allstate claims "Florida law is clear that the conditions imposed by [that statute] only apply to immediate parties to an insurance contract." (*Id.* 5). In other words, Allstate contends that because Cifuentes is not a party to the insurance contract, he has no standing to raise these defenses.

3

Case No. 11-60724-CIV-ALTONAGA

In support of its position, Allstate identifies several cases where Florida courts have explicitly held that the conditions imposed by section 672.426 are not enforceable by a third party. *See Gen. Sec. Ins. Co. v. Barrentine*, 829 So. 2d 980, 982 (Fla. 1st DCA 2002) ("These conditions are not enforceable by a third party, merely because that party may have an interest in the outcome of a coverage dispute. [The third party] had no legal right to take the place of the named insured and therefore could not insist on compliance with the statute."); *see also United Nat'l Ins. Co. v. Owl's Nest of Pensacola Beach Inc.*, No. 3:05cv374/MCR/MD, 2006 WL 1653380, at *3 n.7 (N.D. Fla. 2006) ("[U]nder Florida law a third party claimant has no standing to raise a defense of estoppel on behalf of the insured based on the alleged failure to comply with the requirements set out in § 627.426(2)."); *Alt. Cas. & Fire Ins. Co. v. Nat'l Am. Ins. Co.*, 915 F. Supp. 1218, 1225 (M.D. Fla. 1996) ("Section 627.426(2) creates notice requirements as between the company and its named insured. Since neither [the third party] nor its driver occupied this status, they could not complain of a breach.").

In response, Cifuentes contends the "case law in Florida is unclear as to whether a third party claimant can directly raise a violation of Fla. Stat. § 627.426." (Resp. 5). Cifuentes acknowledges the existence of the cases supporting Allstate's position (*see* Resp. 5 (citing *Barrentine*, 829 So. 2d at 982), but maintains there is caselaw contradicting that position as well. Specifically, Cifuentes cites *Johnson v. Dawson*, a case in which the court "expressly found [] a third party judgment creditor ha[s] standing to assert issues of estoppel and waiver as to insurance coverage in a garnishment proceeding against the insurer of the judgment debtor." (Resp. 5 (citing *Johnson v. Dawson*, 257 So. 2d 282, 284 (Fla. 3d DCA 1972)). Cifuentes asserts that the decision in *Johnson* demonstrates Florida law is unsettled on the issue. (*Id.*). Cifuentes also points to a recent Eleventh

4

Case No. 11-60724-CIV-ALTONAGA

Circuit decision which noted that confusion exists in Florida law surrounding whether a third-party judgment creditor has standing to argue that an insurance company is estopped from denying coverage. (*See id.* (citing *Solar Time Ltd. v. XL Specialty Ins. Co.*, 142 F. App'x 430, 434 n.6 (11th Cir. 2005)).

Cifuentes's argument does not persuade. Both *Johnson* and *Solar Time* are limited to addressing the rights of a *judgment creditor* to assert similar defenses. Cifuentes is not a judgment creditor at this time. Cifuentes fails to present any authority that contradicts or calls into question the explicit holdings in *Barrentine*, *Atlantic Casualty*, and *Owl's Nest*, that the conditions imposed by section 672.426 cannot be enforced by a third party who is not a judgment creditor. Thus, Cifuentes' Fifth and Sixth Affirmative Defenses are insufficient as a matter of law and must be stricken. Nonetheless, if during the pendency of this case, Cifuentes obtains the status of a judgment creditor, the Court will grant Cifuentes leave to amend his defenses at that time.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 41]** is **GRANTED**. The Fifth and Sixth Affirmative Defenses contained in Cifuentes' Answer are **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of August, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record